JUDGE MARRERO

**18 CV 7382**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING, INC.; MCGRAW-HILL
GLOBAL EDUCATION HOLDINGS, LLC;
PEARSON EDUCATION, INC., and BEDFORD,
FREEMAN & WORTH PUBLISHING GROUP,
LLC,

   Plaintiffs,

v.

DOE 1 D/B/A BINGHFRAN,
GOLDENRAIN2855, 2010SEVENSEAS,
ND953570, and SLVR17; DOE 2 D/B/A
GRIGORINAYMA-0 and NAYMANBUY; DOE 3
D/B/A IACCESSORYDEALS; DOE 4 D/B/A
INTELIMIN_9; DOE 5 D/B/A KOROUSH31;
DOE 6 D/B/A OPENBOXLIQUIDATORS;
KARINA ABDALA; ING CREATIONS AND
ENTERPRISES LLC; BUYBACK EXPRESS
INC.; ALLAN WALTER GRIESE; LINDA
GYORKREE KHWA; TIM KREJDOVSKY; BINH
THAI NGUYEN; SERGEI ORLOV; VIKTORIA
ORLOVA (A/K/A VICTORIA RONK);
ALEJANDRO MORALES PEREZ; SMART
PURCHASE LLC; MICHAEL RUBIO; MIRIAM
TURNER (A/K/A MIRIAM GARNER); WIZE
DEALZ, LLC; and JEAN M. VILSAINT,

   Defendants.

Civil Action No. ____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE: 8/15/18

[PROPOSED] 1) TEMPORARY
RESTRAINING ORDER; 2) ORDER TO
SHOW CAUSE WHY A PRELIMINARY
INJUNCTION SHOULD NOT ISSUE; 3)
EXPEDITED DISCOVERY ORDER; AND
4) ALTERNATE SERVICE ORDER

## EX PARTE ORDER

Plaintiffs Cengage Learning, Inc., McGraw-Hill Global Education Holdings, LLC, Pearson Education, Inc., and Bedford, Freeman & Worth Publishing Group, LLC (hereinafter, collectively, "Plaintiffs," and each a "Plaintiff") have moved *ex parte*, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. §§ 6201, *et al.*, against Defendants Doe 1 doing business as binghfran, goldenrain2855, 2010sevenseas, nd953570, and slvr17, Doe 2 doing business as grigorinayma-0

and Naymanbuy, Doe 3 doing business as iaccessorydeals, Doe 4 doing business as intelimin_9, Doe 5 doing business as koroush31, Doe 6 doing business as openboxliquidators, Karina Abdala, ING Creations and Enterprises LLC, Buyback Express Inc., Allan Walter Griese, Linda Gyorkree Khwa, Tim Krejdovsky, Binh Thai Nguyen, Sergei Orlov, Viktoria Orlova (a/k/a Victoria Ronk), Alejandro Morales Perez, Smart Purchase LLC, Michael Rubio, Miriam Turner (a/k/a Miriam Garner), Wize Dealz, LLC, and Jean M. Vilsaint (hereinafter, collectively, "Defendants," and each a "Defendant"), for: 1) a temporary restraining order, 2) order to show cause for preliminary injunction, 3) order authorizing expedited discovery, and 4) order authorizing alternate service by electronic mail (the "Application"). Plaintiffs so move the Court on the basis that Defendants are distributing, offering for sale, and/or selling counterfeit copies of Plaintiffs' copyrighted textbooks, bearing Plaintiffs' federally registered trademarks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations, and all other papers submitted therewith, makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS AND CONCLUSIONS OF LAW

A. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights and trademarks in connection with Defendants' distribution, offering for sale, and/or sale of counterfeit copies of Plaintiffs' textbooks, including via the following online storefronts:

(1) binghfran (eBay URL https://www.ebay.com/usr/binghfran);

(2) goldenrain2855 (eBay URL https://www.ebay.com/usr/goldenrain2855);

(3) 2010sevenseas (eBay URL https://www.ebay.com/usr/2010sevenseas);

(4) nd953570 (eBay URL https://www.ebay.com/usr/nd953570);

(5) slvr17 (eBay URL https://www.ebay.com/usr/slvr17);

(6) grigorinayma-0 (eBay URL https://www.ebay.com/usr/grigorinayma-0);

(7) naymanbuy (Amazon Seller ID A1Q6PCT9NZ8SG0);

(8) iaccessorydeals (eBay URL https://www.ebay.com/usr/iaccessorydeals);

(9) intelimin_9 (eBay URL https://www.ebay.com/usr/intelimin_9);

(10) koroush31 (eBay URL https://www.ebay.com/usr/koroush31);

(11) openboxliquidators (eBay URL https://www.ebay.com/usr/openboxliquidators);

(12) ingllc (eBay URL https://www.ebay.com/usr/ingllc);

(13) ING Creations & Enterprises Online Storefronts (Amazon Seller ID A1NMQ7CLS4CZQM);

(14) buyback-express-store (eBay URL https://www.ebay.com/usr/buyback-express-store);

(15) -Buyback Express- (Amazon Seller ID A2LHO0L8U1YFTF);

(16) Buyback Express (Abebooks URL https://www.abebooks.com/Buyback-Express-Alton-IL-U.S.A/8180984/sf?cm_sp=BOT-_-seller-_-sf);

(17) Buyback Express (Barnes & Noble Seller ID BNA0000440);

(18) envoypilot2015 (eBay URL http://www.ebay.com/usr/envoypilot2015)

(19) violet013180 (eBay URL https://www.ebay.com/usr/violet013180);

(20) *gopeachy* (eBay URL https://www.ebay.com/usr/*gopeachy*);

(21) GoPeachy (Abebooks URL https://www.abebooks.com/GoPeachy-Freehold-NJ-U.S.A/53947590/sf?cm_sp=BOT-_-seller-_-sf);

(22) textbook-4less (eBay URL https://www.ebay.com/usr/textbooks-4less);

(23) cheaperbooks79 (Amazon Seller ID AGJ047Y2R8H41);

(24) actuelfoto3 (eBay URL https://www.ebay.com/actuelfoto3);

(25) victoriashop1 (eBay URL https://www.ebay.com/usr/victoriashop1);

(26) alejmor81 (eBay URL https://www.ebay.com/usr/alejmor81);

(27) SmartPurchase123 (Amazon Seller ID A3HNMVOHJFHB6P);

(28) thebestbooksale_9 (eBay URL https://www.ebay.com/usr/thebestbooksale_9);

(29) TheBestBookSale (Amazon Seller ID A12I559RUKO9G5);

(30) miriaturne-30 (eBay URL https://www.ebay.com/usr/miriaturne-30);

(31) dealz24-7 (eBay URL http://www.ebay.com/usr/dealz24-7);

(32) Wize Dealz (Amazon Seller ID AXA2D7Z8Y9C5H);

(33) jsale0125 (eBay URL https://www.ebay.com/usr/jsale0125); and

(34) J.sales (Amazon Seller ID ATG4YAD81P21V).

(the "Online Storefronts"). The Online Storefronts operate on eBay.com, Amazon.com, Abebooks.com, and barnesandnoble.com (the "Online Marketplaces").

B. The distribution, offering for sale, and/or sale of counterfeit copies of Plaintiffs' textbooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

C. The balance of potential harm to Defendants by being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value and goodwill associated with Plaintiffs' copyrights and trademarks if a temporary restraining order is not issued.

D. Public interest favors issuance of a temporary restraining order in order to protect Plaintiffs' interests in and to their respective coprights and trademarks, and to protect the public from being deceived and defrauded by Defendants' counterfeit copies of Plaintiffs' higher-education textbooks.

E. If Defendants are given notice of the Application, they are likely to secrete, conceal, transfer, or otherwise dispose of the proceeds from their sales of counterfeit copies of Plaintiffs' textbooks.

F. Service on Defendants by electronic mail to the addresses used by Defendants to conduct the business of their Online Storefronts, including the infringing activity, is reasonably

calculated to provide actual notice of Plaintiffs' claims to Defendants.

G.   Without the requested expedited discovery, Plaintiffs will not be able to determine the true identities and locations of Defendants and, ultimately, proceed with their claims and obtain any final relief to which they are entitled.

## ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that Defendants shall appear on the 14th day of September 2018, at 4:30 a.m./p.m. in Courtroom 11B of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Centre Street, New York, New York, to show cause why an order, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201, *et al.*, and the Court's inherent equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their respective officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of the order, in a manner substantially similar to the relief provided herein.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to fleischman@oandzlaw.com, on or before August 31, 2018, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants on or before September 7, 2018.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201, *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, are enjoined from:

    a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of Plaintiffs ("Plaintiffs' Works"), *i.e.*, any copyrighted work published under any of the imprints identified on Exhibit _ to the Complaint (attached hereto as **Appendix A)** (the "Imprints");

    b) Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, including the trademarks identified on Exhibit __ to the Complaint and/or associated with the Imprints on **Appendix A** ("Plaintiffs' Marks");

    c) Directly or indirectly manufacturing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks; and

    d) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe, manufacture, import, distribute, offer for sale, and/or sell counterfeit counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks.

2. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, must immediately locate all accounts holding or receiving money or other assets related to or associated with Defendants' sales of Plaintiffs' Works ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts, cease allowing such money or other assets in Defendants'

Accounts to be transferred, withdrawn, or otherwise disposed of pending further order of this Court. Defendants' Accounts include but are not limited to: (a) Defendants' accounts with Online Marketplaces; and (b) Defendants' accounts with banks, financial institutions, PayPal, Inc. or other payment processing companies ("Financial Institutions") that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants' Online Storefronts.

3. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this Temporary Restraining Order, must immediately locate all physical copies of Plaintiffs' Works that are within any Defendant's possession, custody, or control, or held in inventory on behalf of any Defendant, and immediately cease selling, distributing, transferring, or disposing of such copies of Plaintiffs' Works pending an inspection by Plaintiffs as provided in the Expedited Discovery Order below. Any copies of Plaintiffs' Works determined by Plaintiffs during the inspection to be not counterfeit shall, upon Plaintiffs' notice of such determination, be exempt from this Temporary Restraining Order.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for fourteen (14) days unless extended by order of the Court.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $ 5,060.00, by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

## **EXPEDITED DISCOVERY ORDER**

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Within two (2) days of receiving actual notice of this Ex Parte Order, each Defendant, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, including the Online Marketplaces, and PayPal, Inc. shall provide to Plaintiffs' counsel, by email at kerry@oandzlaw.com, written disclosure of the following information, regardless of whether such information physically resides in the U.S. or abroad:

> a) All names, physical addresses, email addresses, Internet Protocol ("IP") addresses, and seller identification numbers and the current account balance associated with Defendants or the Online Storefronts;
>
> b) Any other online storefronts or seller names associated with or related to Defendants or the Online Storefronts, along with all names, physical addresses, email addresses, Internet Protocol ("IP") addresses, and seller identification numbers and the current account balance associated with such online storefronts or seller names;
>
> c) Defendants' Accounts with Financial Institutions, including complete account numbers and all names, physical addresses, and email addresses associated with Defendants' Accounts.

2. IT IS FURTHER ORDERED that Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoena from the Online Marketplaces, Financial Institutions, or other service providers, who shall provide within five (5) days of service of the requests or subpoena, the following information, regardless of whether such information physically resides in the U.S. or abroad:

> a) Defendants' inventory of Plaintiffs' Works in a Defendant's or third party's possession, custody, or control, including the relevant title, ISBN, number of copies, and location of the inventory;

8

    b) Defendants' sales of Plaintiffs' Works from January 1, 2017 to the present, including Defendants' gross revenues received and, for each transaction, the relevant title, ISBN, number of copies sold, price per copy, date sold, and purchaser's city and state;

    c) Account statements and/or details for Defendants' Accounts, including complete account numbers, current account balances, Internet Protocol ("IP") addresses used to access Defendants' Accounts, and the account holders' or signatories' true names, physical addresses, and email addresses.

3. IT IS FURTHER ORDERED that Plaintiffs may immediately issue expedited discovery requests to Defendants and/or subpoenas to Online Marketplaces seeking the inspection of Plaintiffs' Works held in inventory by or on behalf of a Defendant. Plaintiffs and Defendants and, if applicable, Online Marketplaces, shall work cooperatively to coordinate the inspection of Plaintiffs' Works within twenty-one (21) days of Plaintiffs' request. Any of Plaintiffs' Works that Plaintiffs confirm to be counterfeit through inspection shall be turned over to and/or held by Plaintiffs until this matter is concluded as to the respective Defendant. Plaintiffs shall provide notice of their determination to the respective Defendant promptly after completing the inspection. Plaintiffs shall promptly return any copies of Plaintiffs' Works that they do not determine to be counterfeit, and such Works shall be immediately exempt from the Temporary Restraining Order.

9

## ALTERNATE SERVICE ORDER

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 4(f)(3) and N.Y. C.P.L.R. § 308, service of process may be made on and shall be deemed effective as to Defendants Does 1-6, ING Creations and Enterprises LLC, Buyback Express Inc., Smart Purchase LLC, and Wize Dealz, LLC by email to Defendants' email addresses identified by the Online Marketplaces as associated with or utilized by Defendants to operate the Online Storefronts.

2. IT IS FURTHER ORDERED that Plaintiffs shall carry out alternate service of process by email as ordered herein by providing Defendants with a link to a secure website (such as Dropbox.com or other File Transfer Protocol ("FTP") site) to access .pdf copies of: 1) this Ex Parte Order; 2) the Summons and Complaint; and 3) all papers filed in support of Plaintiffs' Application.

3. IT IS FURTHER ORDERED that shall provide notice of this Ex Parte Order and Plaintiffs' papers in support of the Application to all Defendants by email, at the email addresses identified by the Online Marketplaces as associated with or utilized by Defendants to operate the Online Storefronts, within ten (10) days of the Online Marketplaces' identification of Defendants' Accounts with Financial Institutions as provided in the Expedited Discovery Order, but in no event later than twenty-one (21) days from the date of this Ex Parte Order. Plaintiffs shall file proof of such service on the case docket within two (2) days of making such service.

It is SO ORDERED this 15th day of August, 2018, at 12:15 a.m./p.m.

Victor Marrero
UNITED STATES DISTRICT JUDGE

10

## APPENDIX A: PLAINTIFFS' IMPRINTS

| BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC | CENGAGE LEARNING, INC. |
|---|---|
| Bedford, Freeman & Worth High School Publishers<br>Bedford/St. Martin's<br>BFW<br>BFW High School Publishers<br>Freeman<br>Macmillan Education<br>Macmillan Learning<br>W.H. Freeman & Company<br>Worth<br>Worth Publishers | Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth |
| **MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC** | **PEARSON EDUCATION, INC.** |
| Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>NTC/Contemporary<br>Osborne<br>Schaum's | Addison Wesley<br>Adobe Press<br>Allyn & Bacon<br>Benjamin Cummings<br>Brady<br>Cisco Press<br>Financial Times Press/FT Press<br>IBM Press<br>Longman<br>New Riders Press<br>Peachpit Press<br>Pearson<br>Pearson Education<br>Prentice Hall<br>Que Publishing<br>Sams Publishing |