## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING, INC.; MCGRAW-HILL
GLOBAL EDUCATION HOLDINGS, LLC;
PEARSON EDUCATION, INC.; and BEDFORD,
FREEMAN & WORTH PUBLISHING GROUP,
LLC,

          Plaintiffs,

    v.

DOE 1 D/B/A BINGHFRAN,
GOLDENRAIN2855, 2010SEVENSEAS,
ND953570, and SLVR17; DOE 2 D/B/A
GRIGORINAYMA-0 and NAYMANBUY; DOE 3
D/B/A IACCESSORYDEALS; DOE 4 D/B/A
INTELIMIN_9; DOE 5 D/B/A KOROUSH31;
DOE 6 D/B/A OPENBOXLIQUIDATORS;
KARINA ABDALA; ING CREATIONS AND
ENTERPRISES LLC; BUYBACK EXPRESS
INC.; ALLAN WALTER GRIESE; LINDA
GYORKREE KHWA; TIM KREJDOVSKY; BINH
THAI NGUYEN; SERGEI ORLOV; VIKTORIA
ORLOVA (A/K/A VICTORIA RONK);
ALEJANDRO MORALES PEREZ; SMART
PURCHASE LLC; MICHAEL RUBIO; MIRIAM
TURNER (A/K/A MIRIAM GARNER); WIZE
DEALZ, LLC; and JEAN M. VILSAINT,

          Defendants.

Civil Action No. _____

## DECLARATION OF DAN SEYMOUR

I, Dan Seymour, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am employed by Oppenheim + Zebrak, LLP ("O+Z"), which represents Plaintiffs Cengage Learning, Inc., McGraw-Hill Global Education Holdings, LLC, Pearson Education, Inc., and Bedford, Freeman & Worth Publishing Group, LLC (collectively, the "Plaintiffs") in this action.

2.      I submit this declaration in support of Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Issue, Order Authorizing Expedited Discovery, and Order Authorizing Alternate Service in the above-captioned case.  I have knowledge of the facts stated herein based on personal knowledge and my review of the documents and websites referenced herein.  If called upon to do so, I am able to testify competently to the matters as stated herein.

3.      I have worked for O+Z since October 3, 2016.  My responsibilities at O+Z focus on investigation and enforcement relating to counterfeiting and online piracy matters for O+Z clients.  I have been involved in anti-piracy matters for over twenty years.  Prior to joining O+Z, I was Director of Anti-Piracy for CoStar Group, an online commercial real estate database firm. Reporting directly to the General Counsel, I directed the efforts of the Anti-Piracy team to protect CoStar's intellectual property from theft by competitors, as well as account/credential theft relating to unauthorized access to the industry-leading subscription database.  Before CoStar, I was Senior Manager, Anti-Piracy Internet Enforcement, for the Entertainment Software Association ("ESA"), the trade group for the video games industry.  While at the ESA, I re-oriented the strategic and operational focus of the overall global online enforcement activities to align with changing landscapes and worldwide challenges.  I implemented a variety of proactive and reactive programs, and developed innovative strategies for creative enforcement efforts designed to limit the impact

of the highest value targets.  Prior to the ESA, I was Senior Internet Investigations Manager for the Motion Picture Association of America ("MPAA"), the trade group for the major Hollywood movie studios.  While at the MPAA, I was responsible for the formulation and implementation of the overall worldwide enforcement strategy for combatting the piracy of member-company content on the Internet.  I led and coordinated global investigations into the illegal Internet distribution of members' properties.  Prior to the MPAA, I was a Managing Director at CoreFacts and Decision Strategies/Fairfax International where I was primarily responsible for conducting computer forensics analyses and other high-tech investigations.

## THE ONLINE MARKETPLACES

4.     eBay Inc. is a global e-commerce company.  The eBay online marketplace allows third-party sellers worldwide to advertise, offer for sale, and sell books, both new and used, directly to consumers.

5.     The eBay site has an expansive search function giving buyers the ability to search for books by any combination of ISBN, title, author, and a number of other criteria.  Thus, with just a few keystrokes, consumers can see a list of sellers offering a particular textbook title.  Each, or nearly each, listing for the title displays a stock image of the cover of the book and identifies the price of the book, whether it is available to "Buy It Now" or by auction, the cost of shipping, and whether the book offered for sale is new or used and, if used, the condition of the book.  To unsuspecting individual consumers, the listings all appear to be for legitimate copies of textbooks because they are listed with the same cover image, ISBN, edition, author, and publisher.

6.     When a seller receives an order through their online storefront on eBay, the seller ships the purchased item directly to the customer.  eBay sellers choose the payment methods their

storefront will accept, e.g., PayPal or eBay checkout.  Payment is processed upon checkout and sellers receive payment immediately.

7.      Similarly, Amazon.com, Inc. ("Amazon") is a global e-commerce company. Amazon sources, offers for sale, and sells a wide range of products from manufacturers, wholesalers, and brand owners directly to consumers.  In addition to providing a platform for Amazon's own sales, Amazon.com is a marketplace for third-party sellers to advertise, offer for sale, and sell their products or goods directly to consumers.

8.      Amazon provides third-party sellers on its platform the option of using its Fulfillment by Amazon ("FBA") service.  The FBA program allows third-party sellers, like Defendants, to ship their products to Amazon's fulfillment centers across the country and have Amazon store, manage, pack, ship, and handle customer service and returns for the third-party's products and goods.

9.      When a customer purchases a product from an FBA seller, the Amazon.com website displays the FBA seller's storefront name and indicates that the purchase will be "Fulfilled by Amazon."  If a third-party seller chooses not to use Amazon's FBA service, the seller is responsible for fulfilling orders they receive on their own.  When a customer purchases a product from a non-FBA seller, the Amazon.com website indicates that the product is "sold by" the non-FBA seller.  Amazon.com does not list or display the true name of the individual or company operating a storefront.

10.     Like eBay and Amazon, Abebooks.com is a global e-commerce platform, but it specializes in the sale of books and textbooks.  Abebooks is a wholly owned subsidiary of Amazon. The Abebooks online marketplace allows third-party sellers to advertise, offer, and sell textbooks, both new and used, directly to consumers.  Similarly, Barnes and Noble, Inc. operates an online

marketplace on its site located at www.barnesandnoble.com, which allows third-party sellers to advertise, offer, and sell new and used textbooks directly to consumers.

## DEFENDANTS' INFRINGING ONLINE STOREFRONTS

11.     Defendants operate a group of seller accounts or storefronts (the "Online Storefronts") on eBay, as well as Amazon.com, Abebooks.com, and Barnesandnoble.com (collectively, the "Online Marketplaces"), through which they sell unauthorized and illegal copies of textbooks published by Plaintiffs.  I have monitored and reviewed the Online Storefronts.  As described in more detail below, in addition to monitoring the Online Storefronts, a team under my supervision made purchases from each of Defendants' Online Storefronts.  Plaintiffs then confirmed that Plaintiffs' textbooks we purchased from the Online Storefronts are counterfeit.

12.     The following is a list of Defendants' Online Storefronts known to Plaintiffs at this time:

(1)     binghfran (eBay URL https://www.ebay.com/usr/binghfran);

(2)     goldenrain2855 (eBay URL https://www.ebay.com/usr/goldenrain2855);

(3)     2010sevenseas (eBay URL https://www.ebay.com/usr/2010sevenseas);

(4)     nd953570 (eBay URL https://www.ebay.com/usr/nd953570);

(5)     slvr17 (eBay URL https://www.ebay.com/usr/slvr17);

(6)     grigorinayma-0 (eBay URL https://www.ebay.com/usr/grigorinayma-0);

(7)     naymanbuy (Amazon Seller ID A1Q6PCT9NZ8SG0);

(8)     iaccessorydeals (eBay URL https://www.ebay.com/usr/iaccessorydeals);

(9)      intelimin_9 (eBay URL https://www.ebay.com/usr/intelimin_9);

(10)    koroush31 (eBay URL https://www.ebay.com/usr/koroush31);

(11)    openboxliquidators (eBay URL https://www.ebay.com/usr/openboxliquidators);

(12)    ingllc (eBay URL https://www.ebay.com/usr/ingllc);

(13)   ING Creations & Enterprises Online Storefronts (Amazon Seller ID A1NMQ7CLS4CZQM);

(14)   buyback-express-store (eBay URL https://www.ebay.com/usr/buyback-express-store);

(15)   -Buyback Express- (Amazon Seller ID A2LHO0L8U1YFTF);

(16)   Buyback Express (Abebooks URL https://www.abebooks.com/Buyback-Express-Alton-IL-U.S.A/8180984/sf);

(17)   Buyback Express (Barnes & Noble Seller ID BNA0000440);

(18)   envoypilot2015 (eBay URL http://www.ebay.com/usr/envoypilot2015)

(19)   violet013180 (eBay URL https://www.ebay.com/usr/violet013180);

(20)   *gopeachy* (eBay URL https://www.ebay.com/usr/*gopeachy*);

(21)   GoPeachy (Abebooks URL https://www.abebooks.com/GoPeachy-Freehold-NJ-U.S.A/53947590/sf);

(22)   textbook-4less (eBay URL https://www.ebay.com/usr/textbooks-4less);

(23)   cheaperbooks79 (Amazon Seller ID AGJ047Y2R8H41);

(24)   actuelfoto3 (eBay URL https://www.ebay.com/actuelfoto3);

(25)   victoriashop1 (eBay URL https://www.ebay.com/usr/victoriashop1);

(26)   alejmor81 (eBay URL https://www.ebay.com/usr/alejmor81);

(27)   SmartPurchase123 (Amazon Seller ID A3HNMVOHJFHB6P);

(28)   thebestbooksale_9 (eBay URL https://www.ebay.com/usr/thebestbooksale_9);

(29)   TheBestBookSale (Amazon Seller ID A12I559RUKO9G5);

(30)   miriaturne-30 (eBay URL https://www.ebay.com/usr/miriaturne-30);

(31)   dealz24-7 (eBay URL http://www.ebay.com/usr/dealz24-7);

(32)   Wize Dealz (Amazon Seller ID AXA2D7Z8Y9C5H);

(33)   jsale0125 (eBay URL https://www.ebay.com/usr/jsale0125); and

(34)   J.sales (Amazon Seller ID ATG4YAD81P21V).

13.     Defendants advertise and sell a catalogue of Plaintiffs' textbooks on the Online Storefronts, including those listed on Exhibit B to the Complaint (the "Counterfeit Books"). Defendants' Online Storefronts display images of Plaintiffs' textbooks to advertise the sale of their counterfeits, which are unauthorized copies of Plaintiffs' copyrighted works and, in nearly all instances, bear unauthorized reproductions of Plaintiffs' trademarks.

## PURCHASES FROM DEFENDANTS' ONLINE STOREFRONTS

14.     A team of personnel acting under my direction and supervision made purchases of Plaintiffs' textbooks from Defendants' Online Storefronts.

15.     Upon delivery of each purchase, my team reconciled each book with the corresponding purchase records and applied a unique number to each book.  We maintain the purchased books in our warehouse, and representatives from each Plaintiff traveled to our warehouse to inspect the purchased copies of their respective textbooks.

16.     Plaintiffs' representatives inspected the books to determine whether they were counterfeit.  Plaintiffs also confirmed the unique number and International Standard Book Number ("ISBN") for each book inspected.  Attached as **Exhibit 1** is a chart, organized by Storefront identifying the relevant purchase detail corresponding to the Counterfeit Books we purchased from the Online Storefronts.

17.     I have attached as **Exhibit 2** copies of purchase and shipping records related to one of my team's purchases from Defendants' Online Storefronts.  To avoid unnecessarily burdening the Court, I have not attached the purchase and shipping records associated with all the Counterfeit Books.  However, all the records relating to each of the Counterfeit Books identified on Exhibit 1 are available for review at the Court's, or any party's, request.  As the records in Exhibit 2 indicate,

on July 11, 2018, my team purchased from the eBay Storefront, alejmor81, what purported to be legitimate copies of the following textbooks published by Plaintiffs:

(a)   *Public Speaking: An Audience-Centered Approach,* 10th edition;

(b)   *Implementing Change*, 4th edition;

(c)   *Essentials of Intentional Interviewing*, 3rd edition;

(d)   *Essentials of Negotiation*, 6th edition;

(e)   *Program Evaluation: An Introduction*, 6th edition;

(f)   *Social Work Macro Practice*, 6th edition;

(g)   *Methods in Behavioral Research*, 12th edition;

(h)   *Practical Research: Planning and Design;* 11th edition;

(i)   *Looking Out, Looking In*, 15th edition; and

(j)   *Curriculum Leadership*: *Readings for Developing Quality Educational Programs*, 10th edition.

18.   As with all of Plaintiffs' textbooks purchased from the Online Storefronts, the Plaintiffs—here, MHE, Pearson, and Cengage—confirmed that the copies of their respective textbooks purchased from alejmor81 are counterfeit.

19.    As is typical for counterfeiters, Defendants have tried to operate under the radar by selling counterfeit textbooks as "used," despite the books being new, counterfeit copies. Many of the Counterfeit Books Plaintiffs received from Defendants were listed as used, but in "very good" or "like new" condition, despite being in brand-new condition. For example, Plaintiffs purchased a copy of *Using MIS,* 10th edition, ISBN 9780134606996, which was listed in "Used-Very Good" condition, from the J.Sales Online Storefront on Amazon. But, rather than receiving the legitimate textbook, Plaintiffs received what appears to be a brand-new, counterfeit copy. Listing new counterfeit textbooks in "used" condition is often done to justify a counterfeit seller's offer of a new textbook at below-market prices. The purportedly "used" condition also can explain

why the counterfeit does not include digital access cards, which the publishers often include with and as a supplement to the legitimate textbook.

20.     The seller reviews on Defendants' Online Storefronts show that Defendants' are aware that they are selling counterfeit textbooks.  Indeed, many of the Storefronts contain reviews from customers complaining that they received what they believe to be a counterfeit textbook, some even going so far as to note the poor quality of the book they received.  By way of example, attached as **Exhibit 3** are true and correct copies of reviews posted on the grigorinayma-0 and SmartPurchase123 Storefronts on eBay and Amazon, respectively, complaining about having received counterfeit textbooks.

## OUR INVESTIGATION OF DEFENDANTS AND THEIR ONLINE STOREFRONTS

21.     Identifying the individuals and entities operating the Online Storefronts, to the extent successful, has been difficult and time-consuming.  The Online Storefronts do not reveal Defendants' true legal names or physical addresses.  Moreover, several Defendants operate their Online Storefronts as "FBA sellers," in which case the return address on packages shipped on behalf of their Storefronts identifies only an Amazon fulfillment center.  Other Defendants, Doe 2 operating Naymanbuy on Amazon, fulfill at least some of their own orders by shipping or arranging to have a third party ship books directly to customers.  *Id.*  However, even then, the seller's true identity and address often remain concealed.  With respect to Doe 2 and Naymanbuy, the return name identified "Grigoriy Nayman" but I was unable to locate anyone by that name at the return address listed.

22.     Plaintiffs provided notice to Amazon of the Counterfeit Books they purchased from Defendants' Amazon and Abebooks Online Storefronts.  In response, Amazon provided contact information associated with Defendants' Amazon and Abebooks accounts for each of the

Storefronts on those marketplaces.[1]   However, the contact information in Amazon's account records is only as good as the information sellers choose to provide when registering their accounts. In my experience, counterfeiters often provide Amazon with fictitious names or addresses, as many Defendants did here.   Sellers need only have a valid bank account number to receive their sales proceeds and/or a valid credit card number to pay fees for selling on the marketplace.   For these reasons, I was unable to verify the identities and addresses of Defendants who have been identified in this suit as Does despite Amazon's assistance in providing certain account registration information.   For example, Amazon provided the contact information associated with Doe 2's Amazon Storefront, Naymanbuy, which was the same name and address Doe 2 listed as return information on shipments of Counterfeit Books.   Accordingly, for the same reason described above, Doe 2's true identity and location remains unknown.   All of the remaining Doe Defendants operate their Online Storefronts only on eBay (at least as far I am aware) and, therefore, I could not verify any of the names and addresses that these Defendants identified in the return information on packages we received.

23.     A number of Defendants appear to be working together.   Many of the Counterfeit Books exhibit the same counterfeit traits and inferior qualities, and several of the Online Storefronts offer similar inventories.   Moreover, Plaintiffs learned that some Online Storefronts were operated by the same Defendant or group of Defendants because the return address on packages received from seemingly unrelated Online Storefronts was the same.   For example, Doe 1 appears to operate the goldenrain2855, 2010sevenseas, binghfran, nd953570, and slvr17 Online Storefronts on eBay because the return information on packages we received from all of them

---

[1] The Online Marketplaces have additional information relating to the identities of these sellers, including financial account information.  The financial account information is most likely to lead to the individuals and/or entities behind the Online Storefronts.

identified the same return address in Woodland Hills, California.  Similarly, the two Online Storefronts operated by Defendants Sergei Orlov and Viktoria Orlova (who does business under the name Victoria Ronk) appear to be connected because all shipments of Counterfeit Books from their Online Storefronts came from the same address in Hackensack, New Jersey.

24.     Other seemingly unrelated Online Storefronts are linked based on contact information Defendants used to register their Online Storefronts on Amazon and Abebooks.  While counterfeit sellers often use inaccurate or fictitious contact information to register their Online Storefronts, it appears that certain Online Storefronts are operated by the same Defendant or group of Defendants because they used identical or nearly identical contact information.  For example, after Amazon disclosed Defendants' contact information, we were able to connect the Online Storefront SmartPurchase123 (and Smart Purchase LLC) to Alejandro Morales Perez, who also operates the Online Storefront alejmor81 on eBay.  Because SmartPurchase123 utilizes the FBA service and, therefore, the return address on its packages identifies only Amazon's fulfillment center, we would not have made the link between these related Online Storefronts without the additional information from Amazon.

25.     Several other Defendants operate more than one Online Storefront, sometimes on the same or different Online Marketplaces.  Based on my experience, these same Defendants, and probably others, are likely operating still other Online Storefronts, potentially on other e-commerce platforms, that we have not discovered yet.

I declare under penalty of perjury that the foregoing is true and correct.

_____
                        Dan Seymour

Executed on August 14, 2018 in Washington, DC.