DocuSign Envelope ID: 38052071-E574-476B-9768-E51EB215A3F5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CENGAGE LEARNING, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; PEARSON EDUCATION, INC.; and BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC,

    Plaintiffs,

v.

OLEG IELISEVYCH; ROTISLAV SHAPIRO; GRIGORY NAYMAN; BLAKE KENNARD; PHIL MARQUIS; ALBERT COHEN SEDGH; SHAKEEL KHAN; BUYBACK EXPRESS INC.; ALLAN WALTER GRIESE; TIM KREJDOVSKY; SERGEI ORLOV; VIKTORIA ORLOVA (A/K/A VICTORIA RONK); ALEJANDRO MORALES PEREZ; SMART PURCHASE LLC; MICHAEL RUBIO; MIRIAM TURNER (A/K/A MIRIAM GARNER); and WIZE DEALZ, LLC.

    Defendants.

Case No. 18-cv-7382-VM

## [~~PROPOSED~~] FINAL JUDGMENT AND INJUNCTION AS TO DEFENDANT BUYBACK EXPRESS INC.

Plaintiffs Bedford, Freeman & Worth Publishing Group, LLC, Cengage Learning, Inc., McGraw Hill LLC (successor in interest to McGraw-Hill Global Education Holdings, LLC), and Pearson Education, Inc. (collectively, the "Plaintiffs") filed a complaint against Buyback Express Inc. ("Defendant"), alleging claims of infringement pursuant to the Copyright Act, 17 U.S.C. § 101, and trademark counterfeiting pursuant to the Lanham Act, 15 U.S.C. § 1114. The parties indicate that they have settled this matter. In connection therewith, the parties have jointly stipulated to entry of this Final Judgment and Permanent Injunction.

**NOW THEREFORE**, it is hereby:

DocuSign Envelope ID: 38053071-E574-476B-9768-E51EB315A3F5

I. **ORDERED** that final judgment is **ENTERED** for Plaintiffs against Defendant. Each party shall bear its own costs and expenses, including its attorney's fees.

II. **ORDERED** that a permanent injunction is **ENTERED** in this action as follow:

Defendant, its officers, directors, employees, agents, and attorneys and all those in active concert or participation with them who receive actual notice of this injunction are enjoined from:

a. Directly or indirectly infringing any of Plaintiffs Copyrighted Works, including any copyrighted work published under any of the imprints identified on Appendix A hereto[1];

b. Directly or indirectly infringing any of Plaintiffs Marks[2];

c. Directly or indirectly manufacturing, reproducing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling infringing copies of Plaintiffs' Copyrighted Works and/or Plaintiffs' Marks; and

d. Knowingly (i.e., with actual knowledge or reason to know) enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing

---

[1] "Plaintiffs' Copyrighted Works" means any and all textbooks or other copyrighted works, or portions thereof, whether now in existence or later created, regardless of media type, the copyrights to which are owned or exclusively controlled by any of the Publishers or their parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, and assigns, whether published in the United States or abroad.

[2] "Plaintiffs' Marks" means any and all trademarks and service marks, whether now in existence or later created, which are owned or exclusively controlled by any of the Publishers or their parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, and assigns, whether used in commerce in the United States or abroad.

others to directly or indirectly infringe, manufacture, reproduce, import, distribute, offer for sale, and/or sell infringing copies of Plaintiffs' Copyrighted Works and/or Plaintiffs' Marks.

III. **ORDERED** that the following amounts in the accounts listed below shall be disbursed to Plaintiffs through their counsel Oppenheim + Zebrak, LLP:

   a. The Bank of Edwardsville (*4801): $15,000

IV. **FURTHER ORDERED** that the Defendant shall pay Plaintiffs, through their counsel Oppenheim + Zebrak, LLP, $70,000.00 pursuant to the terms of the settlement agreement.

V. **FURTHER ORDERED** that the Court retains jurisdiction for the purpose of enforcing this Order and until such time as the settlement has been fully paid pursuant to the settlement agreement. Without limiting the foregoing, Plaintiffs may move the Court for a supplemental order as may be appropriate to effectuate the purposes of this Permanent Injunction.

VI. **FURTHER ORDERED** that this Order replaces the Court's Stipulated Preliminary Injunction issued in this matter as to Defendant Buyback Express Inc. (ECF Doc. 21), and, subject to and consistent with the terms of this Permanent Injunction, the Stipulated Preliminary Injunction Order is immediately dissolved with prejudice.

**SO ORDERED** this ___23___ day of ___February___, 2021.

_____
Victor Marrero
U.S.D.J.

15

DocuSign Envelope ID: 38053071-E574-476B-9768-E51EB315A3F5

**Appendix A: Plaintiffs' Imprints**

| Cengage Learning | Macmillan Learning |
|---|---|
| Brooks Cole | Bedford, Freeman & Worth High School Publishers |
| Cengage | Bedford/St. Martin's |
| Cengage Learning | BFW |
| Course Technology | BFW High School Publishers |
| Delmar | Freeman |
| Gale | Macmillan Learning |
| Heinle | W.H. Freeman & Company |
| Milady | Worth |
| National Geographic Learning | Worth Publishers |
| South-Western Educational Publishing | |
| Wadsworth | |
| **McGraw Hill** | **Pearson** |
| Irwin | Addison Wesley |
| Lange | Adobe Press |
| McGraw-Hill | Allyn & Bacon |
| McGraw-Hill Education | Benjamin Cummings |
| McGraw-Hill Higher Education | Brady |
| McGraw-Hill Professional | Cisco Press |
| McGraw-Hill Ryerson | Financial Times Press/FT Press |
| McGraw-Hill/Appleton & Lange | IBM Press |
| McGraw-Hill/Contemporary | Longman |
| McGraw-Hill/Dushkin | New Riders Press |
| McGraw-Hill/Irwin | Peachpit Press |
| McGraw Hill | Pearson |
| NTC/Contemporary | Pearson Education |
| Osborne | Que Publishing |
| Schaum's | Sams Publishing |