USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC.; MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC; PEARSON EDUCATION, INC.; and BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> OLEG IELISEVYCH; ROTISLAV SHAPIRO; GRIGORY NAYMAN; BLAKE KENNARD; PHIL MARQUIS; ALBERT COHEN SEDGH; SHAKEEL KHAN; BUYBACK EXPRESS INC.; ALLAN WALTER GRIESE; TIM KREJDOVSKY; SERGEI ORLOV; VIKTORIA ORLOVA (A/K/A VICTORIA RONK); ALEJANDRO MORALES PEREZ; SMART PURCHASE LLC; MICHAEL RUBIO; MIRIAM TURNER (A/K/A MIRIAM GARNER); and WIZE DEALZ, LLC, <br><br> Defendants | Case No. 18-cv-7382-VM <br><br> [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION |

VICTOR MARRERO, District Judge:

Plaintiffs Pearson Education, Inc. ("Pearson"), Cengage Learning, Inc. ("Cengage"), Bedford, Freeman & Worth Publishing Group, LLC ("Macmillan Learning"), and McGraw Hill LLC, formerly McGraw-Hill Global Education Holdings, LLC [1] ("McGraw Hill," and, collectively, "Plaintiffs") initiated this action on August 15, 2018 against Doe and Named Defendants. ECF No. 1. At the same time that they filed the Complaint, Plaintiffs made an application *ex parte* for a temporary restraining order, expedited discovery, order to show cause why a preliminary injunction should not issue, and permission to serve Defendants by email, which

---

[1] On January 1, 2020, McGraw Hill LLC became the successor in interest to McGraw-Hill Global Education Holdings, LLC.

1

application was granted.  *Ex Parte* Order, Aug. 15, 2018, ECF No. 3.  Plaintiffs provided Defendants with their moving papers, the *Ex Parte* Order, and Complaint by email.  *See* Cert. of Service, ECF No. 14.  After a show cause hearing, at which Defendants did not appear, the Court issued a preliminary injunction on September 7, 2018.  Prelim. Inj., ECF No. 26.  After conducting expedited discovery, Plaintiffs filed the First Amended Complaint naming Defendants Oleg Ielisevych, Rotislav Shapiro, Grigory Nayman, and Phil Marquis (collectively, "Defendants") on June 30, 2020.  ECF No. 83.  Plaintiffs served the First Amended Complaint and Summons on Defendants.  *See* ECF Nos. 89, 99, 101.  Defendants did not file Answers to the First Amended Complaint.

On January 22, 2021, the Clerk of Court entered a Certificate of Default, noting that Defendants had not answered or otherwise moved with respect to the First Amended Complaint and are in default.  ECF No. 127.

On February 26, 2021, Plaintiffs submitted a motion for default judgment, permanent injunction, and a post-judgment asset restraint pursuant to Rule 55(b) and 65(d) of the Federal Rules of Civil Procedure.

Having reviewed Plaintiffs' pleadings, briefs, declarations, and the entire record herein, the Court HEREBY FINDS that:

    A.    Plaintiffs publish educational content in the form of physical and digital textbooks and online tools;

    B.    Defendants operate the following online storefronts:

        (1)    binghfran on eBay operated by Ielisevych;

        (2)    goldenrain2855 on eBay operated by Ielisevych;

        (3)    2010sevenseas on eBay operated by Ielisevych;

        (4)    nd953570 on eBay operated by Ielisevych;

  (5)  slvr17 on eBay operated by Ielisevych;

  (6)  Naymanbuy on Amazon operated by Shapiro and Nayman;

  (7)  grigorinayma-0 on eBay operated by Shapiro and Nayman;

  (8)  innyeselso0 on eBay operated by Shapiro and Nayman;

  (9)  toman_88 on eBay operated by Shapiro and Nayman;

  (10)  natbusal_0 on eBay operated by Shapiro and Nayman;

  (11)  natryba67 on eBay operated by Shapiro and Nayman;

  (12)  novin-88 on eBay operated by Shapiro and Nayman;

  (13)  intelimin_9 on eBay operated by Marquis; and

(collectively, the "Online Storefronts");

  C.  Defendants have been properly served in this action with the Complaint, First Amended Complaint, and Summonses;

  D.  Because Defendants have not filed Answers or otherwise appeared in this action, the Clerk of Court entered default against Defendants on January 22, 2021;

  E.  Plaintiffs own the copyrights or exclusively control all rights, title, and interest in and to their respective works described on Exhibit B to the First Amended Complaint (the "Authentic Works");

  F.  Plaintiffs own or exclusively control all rights, title, and interest in and to their respective trademarks and service marks described on Exhibit C to the First Amended Complaint (the "Plaintiffs' Marks");

  G.  Defendants have willfully infringed Plaintiffs' copyrights in the Authentic Works in connection with Defendants' distribution of counterfeit copies of Plaintiffs' textbooks, and Defendants are, therefore, liable for willful copyright infringement, 17 U.S.C. §§ 101, *et seq.*;

H. Defendants have willfully infringed Plaintiffs' trademarks by using in commerce, without Plaintiffs' consent, counterfeit reproductions of Plaintiffs' Marks in connection with the sale, offering for sale, distribution, and/or advertising of counterfeit copies of Plaintiffs' textbooks, and Defendants are, therefore, liable for willful trademark infringement and counterfeiting, 15 U.S.C. § 1114;

I. Defendants' willful infringement of Plaintiffs' copyrights in the Authentic Works and Plaintiffs' Marks has caused Plaintiffs irreparable harm;

J. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to the entry of a final judgment and permanent injunction against Defendants.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are permanently enjoined and restrained from directly or indirectly infringing the copyrights and trademarks owned or exclusively controlled by Plaintiffs (or any parent, subsidiary, or affiliate of a Plaintiff), whether now in existence or later created, including any copyrighted work published under any of the imprints identified on Appendix A hereto (the "Imprints").

Without limiting the foregoing, IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are permanently enjoined and restrained from engaging in any of the following acts:

(1) Copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks;

(2) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to copy, reproduce, manufacture, import, advertise, promote, distribute, sell, or offer to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and

(3) Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, email address, social media account, online-marketplace account, bank account, or payment processing system in connection with the copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective.

IT IS FURTHER ORDERED that, pursuant to 17 U.S.C. § 504(c) and 15 U.S.C. § 1117(c), Plaintiffs' request for statutory damages under the Copyright Act and the Lanham Act, respectively, is granted, and Plaintiffs are awarded statutory damages as follows:

| Defendant(s) | Plaintiff(s) | Copyright Damages | Trademark Damages | Total Damages |
|---|---|---|---|---|
| Rotislav Shapiro and Grigory Nayman | All Plaintiffs | $3,450,000 | $10,000,000 | $13,450,000 |
| Oleg Ielisevych | Cengage and Pearson | $120,000 | $600,000 | $720,000 |
| Phil Marquis | Cengage, McGraw Hill, and Pearson | $90,000 | $600,000 | $690,000 |
| TOTAL | | $3,660,000 | $11,200,000 | $14,860,000 |

IT IS FURTHER ORDERED that, in accordance with the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, and any financial institutions, i.e., banks, payment processing companies, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, or other companies or agencies that engage in the processing or transfer of money and/or other assets ("Financial Institutions"), who receive actual notice of this Order, must immediately cease transferring, withdrawing, or otherwise disposing of any

money or other assets in accounts holding or receiving money or other assets of Defendants', or in which Defendants have an interest, including but not limited to those accounts specified on Appendix B hereto ("Defendants' Accounts"), or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of, until such time as the judgment set forth herein is satisfied.

IT IS FURTHER ORDERED that the stay to enforce a judgment imposed by Rule 62(a) of the Federal Rules of Civil Procedure is hereby dissolved and Plaintiffs may immediately enforce the judgment set forth herein.

IT IS FURTHER ORDERED that in accordance with the Federal Rules of Civil Procedure and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, Financial Institutions holding currently restrained assets in Defendants' Accounts shall release such assets to Plaintiffs in partial satisfaction of the damages award set forth herein within ten (10) business days following actual notice of this Order.

IT IS FURTHER ORDERED that Defendants shall deliver to Plaintiffs for inspection all copies of Plaintiffs' Textbooks that Defendants have in their possession, custody, or control pursuant to 17 U.S.C. § 503.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

FINAL JUDGMENT is hereby entered in favor of Plaintiffs against Defendants Oleg Ielisevych, Rotislav Shapiro, Grigory Nayman, and Phil Marquis in the total amount of $14,860,000, as described above, plus post-judgment interest calculated at the rate set forth in 28 U.S.C. § 1961.

It is SO ORDERED this <u> 3 </u> day of <u> March 2021           </u>.

                                                                                 Victor Marrero
                                                                                   U.S.D.J.

## APPENDIX A:  PLAINTIFFS' IMPRINTS

| Cengage Learning | Macmillan Learning |
|---|---|
| Brooks Cole<br>Cengage<br>Cengage Learning<br>Course Technology<br>Delmar<br>Gale<br>Heinle<br>Milady<br>National Geographic Learning<br>South-Western Educational Publishing<br>Wadsworth | Bedford, Freeman & Worth High School Publishers<br>Bedford/St. Martin's<br>BFW<br>BFW High School Publishers<br>Freeman<br>Macmillan Learning<br>W.H. Freeman & Company<br>Worth<br>Worth Publishers |
| **McGraw Hill** | **Pearson** |
| Irwin<br>Lange<br>McGraw-Hill<br>McGraw-Hill Education<br>McGraw-Hill Higher Education<br>McGraw-Hill Professional<br>McGraw-Hill Ryerson<br>McGraw-Hill/Appleton & Lange<br>McGraw-Hill/Contemporary<br>McGraw-Hill/Dushkin<br>McGraw-Hill/Irwin<br>McGraw Hill<br>NTC/Contemporary<br>Osborne<br>Schaum's | Addison Wesley<br>Adobe Press<br>Allyn & Bacon<br>Benjamin Cummings<br>Brady<br>Cisco Press<br>Financial Times Press/FT Press<br>IBM Press<br>Longman<br>New Riders Press<br>Peachpit Press<br>Pearson<br>Pearson Education<br>Que Publishing<br>Sams Publishing |

## APPENDIX B: DEFENDANTS' ACCOUNTS

| Defendant(s) | Institution | Account # |
|---|---|---|
| Oleg Ielisevych | JPMorgan Chase Bank NA | *6369 |
| Oleg Ielisevych | PayPal | *7285 |
| Oleg Ielisevych | PayPal | *5776 |
| Oleg Ielisevych | PayPal | *8292 |
| Oleg Ielisevych | PayPal | *4126 |
| Oleg Ielisevych | PayPal | *9288 |
| Oleg Ielisevych | Wells Fargo Bank NA | *4653 |
| Phil Marquis | PayPal | *6214 |
| Phil Marquis | Regions Bank | *6791 |
| Rotislav Shapiro and Grigory Nayman | PayPal | *6734 |
| Rotislav Shapiro and Grigory Nayman | PayPal | *1305 |
| Rotislav Shapiro and Grigory Nayman | PayPal | *4911 |
| Rotislav Shapiro and Grigory Nayman | PayPal | *0213 |
| Rotislav Shapiro and Grigory Nayman | PayPal | *8099 |
| Rotislav Shapiro and Grigory Nayman | Santander Bank | *7362 |
| Rotislav Shapiro and Grigory Nayman | Santander Bank | *9925 |